IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS EASTERN DIVISION

| | | |
|---|---|---|
| IN RE:  Matt Pitra | ) | Case No. |
| | ) | |
| | ) | |
| Plaintiff | ) | COMPLAINT |
| | ) | |
| | ) | |
| v. | ) | July Demand Requested |
| | ) | |
| Transworld Systems, Inc. | ) | |
| 507 Prudential Road | ) | |
| Horsham, PA 19044 | ) | |
| | ) | |

## COMPLAINT

Now comes Plaintiff, by and through his attorneys, and, for his Complaint alleges as follows:

1. Plaintiff, Matt Pitra, brings this action to secure redress from unlawful collection practices engaged in by Defendant, Global Credit and Collection Corporation. Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. Section 1692 et seq. ("FDCPA").

2. The FDCPA broadly prohibits unfair or unconscionable collection methods, conduct which harasses or abuses any debtor, and any false, deceptive or misleading statements in connection with the collection of a debt. 15 U.S.C. Section 1692e.

3. The FDCPA prohibits a debt collector to contact a debtor when the debt collector has knowledge and can readily ascertain that the debtor has legal counsel regarding this matter. 15 U.S.C. Section 1692c

## JURISDICTION AND VENUE

4. This court has jurisdiction pursuant to 28 U.S.C. Section 1331, 1337,

1367; and 15 U.S.C. section 1692(d).

5. Venue is proper because a substantial part of the events giving rise to this claim occurred in this District.

## PARTIES

6. Plaintiff incurred an obligation to pay money, the primary purpose of which was for personal, family, or household uses (the "Debt").
7. Plaintiff is a resident of the State of Illinois.
8. Defendant, Transworld Systems, Inc. is a Pennsylvania corporation with a principal office located at 507 Prudential Road, Horsham, PA 19044. Unless otherwise stated herein, the term "Defendant" shall refer to Transworld Systems, Inc.
9. Defendant regularly attempts to collect debts owed or due another.
10. At all relevant times, Defendant owned the Debt or was retained to collect the Debt.
11. The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. Section 1692(a)(5)

## FACTS APPLICABLE TO ALL COUNTS

12. Plaintiff filed for Chapter 13 Bankruptcy on October 13, 2013.
13. On March 5, 2015, Plaintiff converted his Chapter 13 Bankruptcy to a Chapter 7 Bankruptcy.
14. Prior to conversion of this Bankruptcy Debtor Plaintiff was facing collection by Defendant for a debt from an original creditor.
15. Plaintiff and his Wife gave the Defendant the information that they were represented by an Attorney for the Conversion.
16. Since Plaintiff and his Wife told Defendant about the Attorney representation and conversion, Defendant has sent at least one collection letter to Plaintiff. See Exhibit A

17. Defendant is seeking to collect on a Plaintiff protected by the Automatic Stay under 11 U.S.C. Section 362.

## **COUNT 1-FAIR DEBT COLLECTION PRACTICE ACT VIOLATIONS**

18. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully set forth herein at length.
19. Defendant violated 15 U.S.C. Section 1692e by collecting on a debt that it had no legal right to collect on.
20. Defendant violated 15 U.S.C. Section 1692c for contacting the Plaintiff despite knowledge that Plaintiff was represented by an Attorney.

WHEREFORE, the Court should enter Judgment in favor of Plaintiff and against Defendant for:

    (1) Statutory damages;

    (2) Attorney fees, litigation expenses and costs of suit; and

    (3) Such other and further relief as the Court deems proper.

## **JURY DEMAND**

Plaintiff demands a trial by jury.

Respectfully submitted,

/s/ John Carlin
John P. Carlin #6277222
Chang & Carlin, LLP
1305 Remington Rd., Ste. C
Schaumburg, IL 60173
jcarlin@changandcarlin.com
Attorney for Plaintiff